## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

LIMITED STORES, LLC

                           Debtor.

-----------------------------------------------------------------
KAITLIN O'ROURKE on behalf of herself and all
others similarly situated,

                           Plaintiff,

                           v.

LIMITED STORES, LLC

                           Defendant.

-----------------------------------------------------------------

Chapter 11
Case No. 17-10125

Adversary Proceeding
No._____

**CLASS ACTION ADVERSARY
PROCEEDING COMPLAINT**

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff Kaitlin O'Rourke ("Plaintiff") by and through undersigned counsel, on behalf of herself and all other similarly situated persons, as and for their complaint against Defendant, allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason

of Defendant's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiff was an employee of the Debtor and was terminated as part of, or as a result of a plant closing ordered by the Defendant.  As such, the Defendant violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendant at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiff and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4.       Upon information and belief, at all relevant times, Defendant Limited Stores, LLC ("Limited" or "Defendant") was a Delaware corporation which maintained a facility at 7775 Walton Parkway, New Albany, Ohio 43054 (the "Facility").

5.       Plaintiff worked at the Facility until her termination on or about December 2, 2016.

6.       On or about January 17, 2016 Defendant filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

7.       Until her termination by Defendant, the Plaintiff and other similarly situated persons were employees of Defendant who worked at or reported to the Defendant's Facility.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

8.       The Plaintiff and each person she seeks to represent herein, were discharged on or about December 2, 2016 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

2

9.      The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about December 2, 2016 and thereafter, who worked at the Facility until their terminations.

10.     On or about December 2, 2016 and thereafter, Defendant terminated the Plaintiff's employment as part of a plant closing which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

11.     Defendant never gave Plaintiff the statutorily required sixty (60) days advance written notice of the plant closing or termination in violation of the WARN Act.

12.     At or about the time that the Plaintiff was discharged on or about December 2, 2016 and thereafter, Defendant discharged approximately 248 other employees at the Facility (the "Other Similarly Situated Former Employees").

13.     Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

14.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

15.     The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendant, without cause on their part.

16.     The Plaintiff and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

17.     Defendant was required by the WARN Act to give the Plaintiff and the Other

3

Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

18.    Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

19.    Defendant failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

<u>**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**</u>

20.    The Plaintiff asserts her claims on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

21.    The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

22.    Common questions of law and fact are applicable to all members of the Class.

23.    The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at the

4

Facility; Defendant terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

24.    The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

25.    The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above.

26.    The Plaintiff will fairly and adequately protect and represent the interests of the Class.

27.    The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

28.    The Class is so numerous as to render joinder of all members impracticable as there are approximately 248 persons who are included in the Class.

29.    The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

30.    The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5

31.     No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

32.     No litigation concerning the WARN Act rights of any Class member has been commenced, other than WARN Act class action district court matter which Plaintiff filed pre-petition.

33.     Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

34.     On information and belief, the identities of the Class members are contained in the books and records of Defendant.

35.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

36.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of Defendant.

37.     As a result of Defendant's violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective

terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

38.    At all relevant times, the Defendant employed 248 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 248 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

39.    At all relevant times, Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a plant closing at the Facility.

40.    On or about December 2, 2016 and thereafter the Defendant ordered a "plant closing" at the Facilities, as that term is defined by the WARN Act.

41.    The plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

7

42.     The Plaintiff and each of the other members of the Class were discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendant at the Facility.

43.     The Plaintiff and each of the other members of the Class are "affected employees" of the Defendant within the meaning of the WARN Act.

44.     The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

45.     The Defendant failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

46.     The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendant as that term is defined in the WARN Act.

47.     The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

48.     Since the Plaintiff and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Defendant's bankruptcy petition and which arose as the result of the Defendant's violation of a federal law, the back-pay attributable to the post-petition portion of the Plaintiff's and Class's WARN Act claims against the Defendant are entitled to administrative priority status pursuant to 11 U.S.C. §

503(b)(1)(A)(ii), with any back pay attributable to the pre-petition portion of the Plaintiff's and Class's WARN Act claims being entitled to wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $12,745, with any remainder as a general unsecured claim.

49.     The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on her own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendant as follows:

A.     An allowed claim against the Defendants in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $12,745.00 of each Class member's allowed WARN Act claim against the Defendant is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B.     Certification that the Plaintiff and the other Class members constitute a single class;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to her for her services as such;

E.     An allowed administrative priority claim against the Defendant under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff

incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

    F.  Such other and further relief as this Court may deem just and proper.


              Respectfully submitted,

January 17, 2017

              MARGOLIS EDELSTEIN

              /s/ James E. Huggett
              James E. Huggett (#3956)
              300 Delaware Ave
              Suite 800
              Wilmington, DE 19801
              Telephone: (302) 888-1112
              Facsimile:  (302) 888-1119

              LANKENAU & MILLER, LLP
              Stuart J. Miller (SJM 4276)
              132 Nassau Street, Suite 1100
              New York, NY 10038
              P: (212) 581-5005
              F: (212) 581-2122

              THE GARDNER FIRM, P.C.
              Mary E. Olsen (OLSEM4818)
              M. Vance McCrary (MCCRM4402)
              The Gardner Firm, P.C.
              210 S. Washington Avenue
              Mobile, AL  36602
              P: (251) 433-8100
              F: (251) 433-8181

              Cooperating Counsel for
              Maurice & Jane Sugar Law Center for
              Economic & Social Justice
              4605 Cass Ave.
              Detroit, Michigan 48201
              (313) 993-4505

              *Attorneys for Plaintiff*